O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GB ESCROW, INC., a California corporation, MESSMER REALTY, GROUP, INC., a California corporation; CARINA POLLARD, an individual, and DOES 1 THROUGH 40, inclusive,<br><br>　　　　　Defendants. | Case No. CV 11-05318 ODW (JCG)<br><br>Order **DENYING** Defendant's Motion to Dismiss, or in the alternative, Motion to Strike [10] [Filed 09/02/11] |

## I. INTRODUCTION

Pending before the Court is Defendant Carina Pollard's ("Defendant") September 2, 2011 Motion to Dismiss, or in the alternative, Motion to Strike. (Dkt. No. 10.) Plaintiff, Federal Deposit Insurance Corporation, ("Plaintiff"), filed its Opposition on September 12, 2011, (Dkt. No. 16), to which Defendant filed a Reply on October 3, 2011 (Dkt. No. 17). After careful consideration of the papers filed in support of and in opposition to the instant Motion, for the reasons discussed below, Defendant's Motion is **DENIED**.

## II. BACKGROUND

Defendant prepares appraisals for mortgage brokers, lenders, and others in the mortgage industry. (Compl. ¶ 6.) Plaintiff alleges that in 2007, Defendant prepared appraisal reports knowing that the appraisals would be used by lenders, such as IndyMac Bank, FSB, for mortgage lending purposes. (Compl. ¶ 6.) Defendant allegedly entered into a contract to provide an appraisal for the property located at 2254 Bancroft Avenue, Los Angeles, California 90039, and allegedly intended for IndyMac to be a beneficiary of that contract. (Compl. ¶¶ 9, 31-33.)

Plaintiff pleads the appraisal was supposed to comply with regulatory requirements established for transactions funded through federally regulated financial institutions. (Compl. ¶¶ 8-9). Plaintiff asserts that Defendant did not follow the proper guidelines, and thus made mistakes such as failing to disclose and analyze the Property's listing history, not conforming to the Uniform Standards of Professional Appraisal Practice, and mis-characterizing the property. (Compl. ¶¶ 11-12).

On June 24, 2011, Plaintiff filed its Complaint seeking damages from Defendant for negligent misrepresentation and breach of contract - third-party beneficiary . On September 2, 2011, Defendant filed a Motion to Dismiss, or in the alternative, Motion to Strike, (Dkt. No. 10), the claims of negligent misrepresentation and breach of contract - third-party beneficiary.

## III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief."  *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) and *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation" and an "immaterial allegation is that which has no essential or important relationship to the claim for relief or defenses being pleaded." *Jackson v. Bd. of Equalization*, No. CIV S-09-1387 (DAD), 2011 WL 3814537, at *14-15 (E.D. Cal. Aug. 26, 2011 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527 (9th Cir. 1993).  A court can also grant a motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case. *Fantasy*, 984 F. 2d at 1528.

Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When ruling on a motion to strike, the Court must view the challenged pleadings in the light most favorable to the pleader. *Lazar v. Trans Union, L.L.C.*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Due to the fact that motions to strike a defense are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428. "To show that a defense is insufficient, the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Id* at 1032. (*quoting Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

## IV.  DISCUSSION

### A.  PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM MEETS RULE 9(b)'S HEIGHTENED PLEADING REQUIREMENT

Claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Meridian Project Sys., Inc. v. Hardin Constr. Co.* , 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005); *see also Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481 (9th Cir. 1999). Rule 9(b) imposes an additional obligation on plaintiffs by requiring the circumstances of the fraud to be stated with particularity in the Plaintiff's complaint so that the defendant can prepare an adequate answer from the allegations. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *see also Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir.1977); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir.1973). The pleadings shall "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *cert. denied*, 516 U.S. 810, (1995).

The Court finds that the Plaintiff's complaint has satisfied the heightened pleading requirements of Rule 9(b) set forth above. The First Amended Complaint asserts that Defendant Pollard negligently misrepresented the value of the property in question, on July 17, 2007 by allegedly failing to use and analyze appropriate comparable sales in Defendant's appraisal. (Comp. ¶ 11). Plaintiff further pleads that Defendant Pollard negligently made representations in her appraisal of the property for which Defendant had no reasonable grounds for believing to be fact, and that Defendant knew that someone in the Plaintiff's position would rely on said appraisals in lending practices. (Comp. ¶ 11). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claim of negligent misrepresentation for failure to state a claim.

### B. PLAINTIFF SUFFICIENTLY PLEADS THE CLAIM OF NEGLIGENT MISREPRESENTATION

"Where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008). "The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Glenn Jackson Inc.*, 273 F.3d at 1201 n.12 (quoting *Lincoln Alameda Creek v. Cooper Indus., Inc.*, 829 F.Supp. 325, 330 (N.D. Cal. 1992). It is not necessary for the supplier of information to have any particular person in mind as the intended, or even probable, recipient of the information. *Soderberg v. McKinney*, 44Cal. App. 4th 1760, 1768-1769 (1996). It is sufficient that the maker of the information intends it to reach and influence a class of persons who might reasonably be expected to take some action in reliance on the information. *Id*.

As stated above, Plaintiff's complaint meets the pleading requirements of Rule 9(b) and sufficiently alleges facts to satisfy the elements of negligent misrepresentation.

5

Accordingly, this Court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claim of negligent misrepresentation.

### C. APPRAISAL IS A STATEMENT OF FACT

"Under certain circumstances, expressions of professional opinion are treated as representations of fact. When a statement, although in the form of an opinion, is 'not a casual expression of belief' but 'a deliberate affirmation of the matters stated,' it may be regarded as a positive assertion of fact." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 408 (1992). Moreover, when a defendant possesses or holds itself out to possess expertise regarding the subject matter, and the plaintiff is so situated to rely on such supposed expertise, the defendant's representation may be treated as one of material fact. *Id*. The Ninth Circuit adopts *Bily*'s analysis to apply to various professionals who supply information and evaluations for the use and benefit of others. *Glenn Jackson Inc. v. Roe*, 273 F.3d 1192, 1199 (9th Cir. 2001).

A real estate property appraisal is an expression of professional opinion and a deliberate affirmation of the matters stated. A property appraisal completed by a person trained in appraising real estate shall be construed as a representation of fact for the purposes of the Plaintiff's negligent misrepresentation claim. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claim of negligent misrepresentation.

### D. PLAINTIFF'S BREACH OF CONTRACT CLAIM DOES NOT NEED TO MEET RULE 9(b) PLEADING STANDARDS

When a Plaintiff alleges some fraudulent and some non-fraudulent conduct within the same complaint, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). Plaintiff may also allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of the claim, and in that event, if the fraud lies at the core of the action, it will then be necessary for the claim to meet the heightened pleading requirements of Rule 9(b). *Id*. In ruling on a motion to dismiss for failure to sufficiently plead particular averments of fraud under Rule 9(b), "a district court should

'disregard' those averments, or 'strip' them from the claim." *Id.* at 1105.

Plaintiff's breach of contract claim is not grounded in fraud and thus must only meet the pleading standard of Rule 8. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claim of breach of contract.

### E.   PLAINTIFF'S BREACH OF CONTRACT CLAIM IS SUFFICIENTLY PLEAD

To successfully plead a claim of breach of contract the Plaintiff must allege: (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to the plaintiff. *Walsh v. W. Valley Mission Cmty Coll. Dist.*, 66 Cal. App. 4th 1532, (Cal. Ct. App. 1998). A contract is formed by the manifestation of mutual consent, which usually takes the form of an offer followed by an acceptance. 1 B.E. Witkin, Summary of California Law 10th, Ch. 1, §117, *Contracts: How Consent Manifested* (2005).

A third party beneficiary may enforce a contract made expressly for his or her benefit. Cal. Civ. Code § 1559. California decisions indicate that "it is not necessary that an express beneficiary be specifically identified in the relevant contract; he or she may enforce it if he or she is a member of a class for whose benefit the contract was created. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1079 (9th Cir. 2009). Plaintiff alleges that it is a member of the class for whose benefit the contract was created. (Comp. ¶33). Plaintiff asserts that the Defendant knew or should have known that Plaintiff would rely on the appraisal in connection with Plaintiff's lending practices. (Comp. ¶33). Plaintiff pleads facts supporting the creation of a contract, Plaintiff's performance, Defendant's breach, and damages. (Comp. ¶¶ 31-36). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claim of breach of contract.

### V.   CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss, in the

alternative, Motion to Strike Plaintiff's claims of negligent misrepresentation and breach of contract - third-party beneficiary.

**IT IS SO ORDERED.**

September 28, 2011

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE